UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNOHOMISH COUNTY, a political subdivision of the State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>GARY R. BOWERS, et al,<br><br>Defendants. | Case No. C07-00875MJP<br><br>ORDER DENYING DEFAULT JUDGMENT AND REQUESTING ADDITIONAL BRIEFING |

The above-entitled Court, having received and reviewed:

1. Defendant United States' Motion for Summary Judgment and for Default Judgment and papers in support thereof (Dkt No. 36)

2. Defendant State of Washington's Response to Defendant United States' Motion for Summary Judgment and Cross Motion and papers in support thereof (Dkt. No. 43-46)

3. Defendant Bowers' Motion for Postponement/Discovery of United States Motion for Summary Judgment and or Default Judgment and papers in support thereof (Dkt. No. 47)

4. Defendant United States' Reply to the State of Washington's Response to the United States' Motion for Summary Judgment and for Default Judgment (Dkt. No. 48)

5. Defendant United States' Opposition to Bowers' Motion for Continuance and papers in support thereof (Dkt. No. 49)

6. Defendant State of Washington's Surreply to the United States' Reply to the State of Washington's Response to the United States' Motion for Summary Judgment and papers in support thereof (Dkt. No. 50)

7. The balance of the record and supporting law, makes the following ruling:

ORDER — 1

IT IS ORDERED that Defendant United States' motion for default judgment against Defendant Bowers is DENIED. IT IS FURTHER ORDERED that Defendant Bowers file a responsive pleading no later than June 16, 2008 and that ALL PARTIES submit additional briefing no later than June 16, 2008 on the issue of who is the proper recipient of the excess funds under RCW 84.64.080.

**Background**

On January 12, 2007, the Snohomish County Treasurer sold a parcel of real property, identified as Tax Parcel No. 00401100005300 (the "subject property"), at public auction pursuant to RCW 84.64.080. At this tax foreclosure sale, the highest bid exceeded the unpaid taxes and costs by $29,498.57 (the "excess proceeds"). Regarding disposition of these excess proceeds, "the excess shall be refunded following payment of all recorded water-sewer district liens, *on application therefor*, to the *record owner* of the property. The record owner of the property is the person who held title on the date of issuance of the certificate of delinquency." RCW 84.64.080 (emphasis added).

A Tax Foreclosure Certificate issued to the Snohomish County Treasurer on June 29, 2006, by Pacific Northwest Title Company identifies the record title holders of the subject property as "GARY R. BOWERS, as his separate estate, as to Lot 53, and GARY WERNER, as his separate estate, as to the remainder." (Dkt. No. 1, Ex. E.)

Gary R. Bowers applied to the Snohomish County Treasurer for these excess proceeds on February 15, 2007. (Dkt. No. 1, Ex. A.) In March, 2007, the Snohomish County Treasurer received a Notice of Levy from Defendant United States against any money belonging to Gary Werner. This levy was based on a Federal Tax Lien filed on December 7, 2005. In April 2007, the Snohomish County Treasurer received an Order to Withhold and Deliver – Property and Accounts from Defendant State of Washington against any money belonging to Gary Werner. This order was based on liens filed against Gary Werner by the Washington Department of Social

ORDER — 2

and Health Services for unpaid child support. Gary Werner did not apply for the excess funds from the foreclosure sale of the subject property.

In May 2007, Snohomish County brought this interpleader action in the Snohomish County Superior Court to determine the proper recipient of the excess proceeds and to protect itself from multiple liability. Defendants removed the action in June 2007. This Court dismissed Plaintiff Snohomish County from this suit and enjoined Defendants from proceeding against the County in September 2007. (Dkt. No. 22.) In October 2007, the Court dismissed Defendant Gary Werner because he disclaimed any interest in the excess proceeds. (Dkt. No. 23.) The Court dismissed Defendant Sandy Welfelt in March 2008. (Dkt. No. 34.) The remaining question in this action is who among the United States, the State of Washington, and Gary Bowers is the proper recipient of the excess funds. The issue of priority between the United States and the State of Washington has been adequately briefed in those parties' cross-motions for summary judgment. But, no party has adequately addressed the issue of the proper recipient under RCW 84.64.080.

**Discussion of Default Judgment**

Defendant United States has moved for default judgment against Defendant Gary Bowers. Defendant Bowers is incarcerated at the Florence Correctional Center in Arizona and is proceeding pro se. Courts have discretion in entering default judgments and favor resolving disputes on the merits. See, e.g., Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 924 (9th Cir. 2004). Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice, (2) the merits of the substantive claim, (3) the sufficiency of the pleadings, (4) the sum of money at stake, (5) the possibility of disputed material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). On balance, consideration of these factors here militates against entering default judgment against Defendant

ORDER — 3

Bowers. Although he has not filed an answer, Defendant Bowers has been participating actively in this litigation and obviously intends to assert his claim to the excess funds. This case should be decided on its merits. Therefore, the Court finds default judgment against Defendant Bowers under Rule 55(b) of the Federal Rules of Civil Procedure to be inappropriate.

**Need for Additional Briefing**

Defendant Bowers has not substantively responded to the cross-motions for summary judgment nor has he filed his own cross-motion regarding his right to the excess funds. Indeed, Defendant Bowers has requested additional time to respond to the cross-motions for summary judgment. (Dkt. No. 47.) None of the parties has adequately addressed the applicability of RCW 84.64.080 to the Court's determination of which party has a priority right to the excess funds. In light of these briefing deficiencies, the Court orders all parties to submit additional briefing on the issue of the proper recipient of the funds under RCW 84.64.080. The briefs shall be filed by June 16, 2008 and shall not exceed ten (10) pages in length.

**Conclusion**

For the above reasons, the Court DENIES Defendant United States' motion for a default judgment against Defendant Bowers, ORDERS Defendant Bowers to file a responsive pleading no later than June 16, 2008, and ORDERS ALL PARTIES to submit additional briefing no later than June 16, 2008 on the issue of who is the proper recipient of the excess funds under RCW 84.64.080. Defendant Bowers' request for additional time is granted. All of the cross-motions shall be re-noted on the Court's motion calendar for consideration on June 16, 2008.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: May 30, 2008.

                                            s/ Marsha J. Pechman
                                            Marsha J. Pechman
                                            United States District Judge